

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*　　　　　　　　*Federal Building & Courthouse*
*Fax: (413) 785-0394*　　　　　　　　　　　　　　　*Main Street, Room 310*
　　　　　　　　　　　　　　　　　　　　　　　*Springfield, Massachusetts 01103*

April 2, 2004

Mark J. Albano, Esq.
73 State Street
Springfield, MA 01103

　　　　Re:　<u>United States v. Alex Rankins, Jr.</u>
　　　　　　Criminal No. 04-30003-MAP

Dear Attorney Albano:

　　In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.　Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

　　1.　Statements of the Defendant

　　On January 9, 2003 the defendant made post-arrest oral statements in response to interrogation by a person the defendant knew was a government agent of which the government is aware. A four page ATF report of interview containing those statements is enclosed together with an ATF F 3200.4 waiver of rights form. On the same date the defendant's mother, Martha Rankins, provided a written statement to ATF agents. A one page ATF report regarding the interview and the four page handwritten statement are enclosed. Finally, on March 26, 2003 the defendant gave the ATF a written statement. A one page ATF report regarding the interview and the one page handwritten statement are enclosed. The government is unaware of any other written or recorded statements, made by the defendant.

　　2.　Grand Jury Testimony

　　The defendant did not testify before the grand jury.

1

3.   Defendant's Prior Record

A copy of the defendant's criminal record was provided to you by Pretrial Services at the arraignment.

4.   Books, Papers, Documents, and Tangible Objects

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants, if any, which it intends to use at trial at a mutually convenient time and place.

5.   Reports of Examinations and Tests

Enclosed are the following firearms reports: certificate of examination and test firing for all five firearms named in the indictment; a two page trace analysis report regarding the FIE .22 caliber revolver with obliterated serial number; a one page ATF report regarding interstate nexus of all five guns named in the indictment; and ATF trace summarys regarding two of the guns. The drug analysis will be forwarded when it is received.
There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant.

B.   Search Materials

1.   Search Warrants

None.

2.   Consent Searches

Enclosed is a consent to search form regarding 43 Blunt Road, Springfield, MA signed by the defendant on January 9, 2003. Also enclosed is a consent to search form regarding 43 Blunt Road, Springfield, MA signed by Martha Rankins on January 9, 2003; a two page inventory of the items seized from 43 Blunt Road; and a two page ATF report regarding the search of 43 Blunt Road. Also enclosed are two ATF Notice of Abandonment of Property forms signed by the defendant. Finally, I have enclosed copies of photographs of some of the items seized from 43 Blunt Road.

3.   Warrantless Searches

None.

C.   Electronic Surveillance

None.

D.   Consensual Interceptions

None.

E.   Unindicted Coconspirators

There is no conspiracy charged in the above referenced indictment.

F.   Identifications

None.

G.   Exculpatory Evidence

   1.   Within the time period designated in L.R. 116.1(C)(1):

      a.   The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment

      b.   The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. §3731.

      c.   The government is unaware of any promises, rewards or inducements given to any witness the government anticipates calling in its case-in-chief.

      d.   The government is unaware of any criminal record of any witness it anticipates calling in its case-in-chief.

      e.   The government is unaware of any criminal cases pending against any witness the government anticipates calling in its case-in-chief.

      f.   There were no failures to identify the defendant by any percipient witness in this case.

   The government requests reciprocal discovery of the

defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By:

                TODD E. NEWHOUSE
                Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);

4