

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

April 22, 2004

Mark J. Albano, Esq.
73 State Street
Springfield, MA 01103

    Re:  <u>United States v. Alex Rankins, Jr.</u>
          Criminal No. 04-30003-MAP

Dear Attorney Albano:

    In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B), Fed. R. Crim. P. 16(a)(1), and in response to your discovery letter of April 8, 2004, I am providing you with the following information.

    In ¶1b you requested "the time, place and date of the alleged offense." As set forth in the indictment the date of the offense is January 9, 2003. As set forth in the consent to search forms, ATF reports, and statements by Martha Rankins and the defendant, the place of the offense is 43 Blunt Road, Springfield, MA and the time is approximately 8:00 pm.

    In ¶2a you requested material "in accordance with Fed. R. Crim. P. 16(a)(1)(F)" which involves reports of examinations and tests. Although Fed. R. Crim. P. has been re-numbered, L.R. 116.1(C)(1)(a) requires the discovery of reports of examinations and tests and those materials were provided to you with automatic discovery.

    With regard to Fed. R. Crim. P. 16(a)(1)(G), discovery of expert witnesses, the government will rely upon several expert witnesses. I presently intend to call an expert witness from the DEA laboratory regarding the chemical analysis of the drugs seized in this case. I provided a copy of the DEA form 7 with the results of the completed analysis. That form contains the name of the chemist, Jennifer Chu, who did the analysis and whom

I expect to call as a witness. The chemist will testify that based upon her education, training and experience as a chemist that she performed an analysis of the marijuana in this case and that it is in fact marijuana.

Further, I presently intend to call Officer Norm Shink of the Springfield Police Department to testify about terms, prices and methods of distribution in the illegal drug business based upon his training and experience investigating narcotics offenses.

Officer Shink will also testify regarding the operation of a drug business. For example he will testify that drug businesses use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy. This is not a comprehensive list of the testimony but rather a summary of the expected testimony. Officer Shink will be testifying based upon his training as a police officer and his experience in investigating numerous drug cases.

I also provided you with several firearms reports done by members of the MSP firearms ID section. The reports contain the names of the individuals who did the examinations and completed the reports. I currently intend to call those individuals to testify to the results of their examinations as set forth in the reports. They will testify based upon their training and experience in the firearms examination field. I also provided you with an ATF report regarding the interstate nexus examination conducted by ATF SA Joseph Harrington. I presently intend to call SA Harrington to testify regarding the interstate nexus of the firearms and ammunition charged in indictment. He will testify based upon his training and experience as an ATF agent with an expertise in interstate nexus of firearms and ammunition.

I decline to provide you with "the rough notes of government agents who obtained statements and search consents from the defendant and his mother" as requested in ¶2b1 of your letter because that material is beyond the scope of discovery required by Fed. R. Crim. P. 16 and L.R. 116.

In response to your request in ¶2c the defendant's mother, Martha Rankins, was told she was not a target of the investigation and no other promises, rewards or inducements were made to her prior to the consent to search. Prior to giving consent the defendant was advised of the Miranda warnings and was told his cooperation would be made known to the prosecutor. No other promises, rewards or inducements were made to the defendant prior to the consent to search.

In response to your requests in ¶2d, the ATF told the defendant and his attorney in the Connecticut state case that if the defendant wanted to cooperate with the ATF, that it would be better if the Connecticut case was disposed of prior to his cooperation. There were no other promises, rewards or inducements made regarding the Connecticut state case. There were no promises, rewards or inducements made regarding the 2003 Massachusetts state charges.

Regarding your requests in ¶2e, the defendant signed a cooperation agreement which stated that he would be paid for any expenses he incurred during his cooperation and that his cooperation would be made known to the prosecution. No expense money was paid to the defendant. There were no other promises, rewards or inducements made to the defendant.

In response to your requests made in ¶2f, the defendant's cooperation has led to the arrests of six individuals on firearms and/or drug offenses.

I decline to provide any other information or materials requested in your letter as being beyond the requirements of Fed. R. Crim. 16 and L.R. 116.

Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

TODD E. NEWHOUSE
Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);

3