UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                  Plaintiff,   )
                               )
         v.                    )      CRIMINAL NO. 04-30003-MAP
                               )
ALEX RANKINS, JR.,             )
                  Defendant.   )

## MOTION AND BRIEF OF THE UNITED STATES
## FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, hereby moves that this Court issue a Preliminary
Order of Forfeiture in the above-captioned case pursuant to Title
21, United States Code, Section 853.  In support thereof, the
United States sets forth the following:

1.   On or about February 19, 2004, a federal grand jury
sitting in the District of Massachusetts returned a three Count
Indictment charging defendant Alex Rankins, Jr., (the "Defendant"
or "Rankins"), with the following violations:  Distribution and
Possession with Intent to Distribute Marijuana, in violation of
21 U.S.C. § 841(a)(1), and Aiding and Abetting, in violation of
18 U.S.C. § 2 (Count One); Possession of a Firearm with an
Obliterated Serial Number, in violation of 18 U.S.C. § 922(k)
(Count Two); and, Carrying a Firearm During and in Relation to a
Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A),
and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count
Three).  The Indictment also included a Forfeiture Allegation,

charging the Defendant with Criminal Forfeiture, pursuant to 21 U.S.C. § 853.

2. The Forfeiture Allegation sought the forfeiture, as a result of the offenses alleged in Count One of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses alleged in Count One, and any property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including, but not limited to:

    (a) $3,488 in United States Currency (the "Defendant Currency").

3. On or about June 30, 2004, and pursuant to a written plea agreement, the Defendant entered a plea of guilty to Counts One through Three of the Indictment, and the parties agreed that Rankins would forfeit the Defendant Currency to the United States. Rankins admitted that the Defendant Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of Rankin's unlawful drug activity and/or is property used, or intended to be used, to commit the crimes charged in Count One of the Indictment.

4. Further, and in accordance with the Indictment, if the Defendant Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with

2

a third party; (c) has been placed beyond the jurisdiction of the
Court; (d) has been substantially diminished in value; or (e) has
been commingled with other property which cannot be divided
without difficulty, the United States is entitled to seek
forfeiture of any other property of the Defendant, up to the
value of the Defendant Currency, pursuant to 21 U.S.C. § 853(p).

     5.    By virtue of the Defendant's guilty plea and pursuant
to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of
Criminal Procedure, the United States is now entitled to a
Preliminary Order of Forfeiture against the Defendant Currency,
or substitute assets, in a value up to the value of the Defendant
Currency.    See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States
v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).    Therefore,
the Court may enter a preliminary order of forfeiture, pursuant
to 21 U.S.C. § 853(a), and Rule 32.2(b)(1) and (b)(2), directing
the forfeiture of the Defendant Currency.

     6.    This Court's jurisdiction in this matter is founded
upon 21 U.S.C. § 853(a), which provides that with respect to any
person convicted of drug offense punishable by imprisonment for
more that one year:

    [t]he Court, in imposing sentence..., shall order...that the
    person forfeit to the United States all property described
    in this subsection.

     7.    Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal
Rules of Criminal Procedure provides that as soon as is

3

practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  The court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict.  If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  At sentencing – or at any time before sentencing if the defendant consents – the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

8.    Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Defendant Currency must file a petition with the Court within thirty (30) days of

4

the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Defendant Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Defendant Currency and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Currency in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

TODD E. NEWHOUSE
SHELBEY D. WRIGHT
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: 7/30/04

5

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Mark J. Albano, Esquire, Dalsey, Ferrara & Albano, 73 State Street, Suite 101, Springfield, Massachusetts 01103, as counsel for Defendant Alex Rankins, Jr., by first class mail, postage prepaid.

Todd E. Newhouse
Assistant U.S. Attorney

Dated: 7/30/04

6