```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )   CRIMINAL NO. 04-30003-MAP
                             )
ALEX RANKINS, JR.,           )
          Defendant.         )
```

## PRELIMINARY ORDER OF FORFEITURE

**PONSOR, D.J.,**

WHEREAS, on or about February 19, 2004, a federal grand jury sitting in the District of Massachusetts returned a three Count Indictment charging defendant Alex Rankins, Jr., (the "Defendant" or "Rankins"), with the following violations: Distribution and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count One); Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. § 922(k) (Count Two); and, Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Three);

AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 21 U.S.C. § 853;

AND WHEREAS, the Forfeiture Allegation sought the forfeiture, as a result of the offenses alleged in Count One of the Indictment, of any and all property constituting, or derived

from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses alleged in Count One, and any property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including, but not limited to:

    (a) $3,488 in United States Currency (the "Defendant Currency");

AND WHEREAS, on or about or about June 30, 2004, and pursuant to a written plea agreement, the Defendant entered a plea of guilty to Counts One through Three of the Indictment, and the parties agreed that Rankins would forfeit the Defendant Currency to the United States;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets, in a value up to the value of the Defendant Currency;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

    1. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §§ 853(a) and (p).

    2. The United States Marshals Service shall hold the

Defendant Currency in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Defendant Currency, giving notice as required by law.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General may direct.

5. Pursuant to 21 U.S.C. § 853(n), the United States Marshals Service may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Currency shall within thirty (30) days of the final publication of notice or that person's receipt of direct

written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7.  Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Currency.

8.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Date: 8·16·04

MICHAEL A. PONSOR
United States District Judge