UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No.: 04-30003-MAP |
| | ) |
| ALEX RANKINS, JR, | ) |
| Defendant. | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

Alex Rankins, Jr., the defendant in the above-referenced, states by his undersigned counsel as follows:

1. For the reasons stated in *U.S. v. Green*, 2004 WL 1381101, (D. Mass. 2004)(Young, C.J.), specifically that "Congress lacks the power to enact the substance of the Sentencing Guidelines into law, and therefore lacks the power to delegate the enactment of the Guidelines to a governmental agency, even if it is located within the Judicial Branch," Rankins requests that the Court declare the Guidelines unconstitutional and therefore inapplicable in his sentencing proceeding. See also, *Blakeley v. Washington*,    U.S.    (2004).

2. With that objection made, Rankins and the government entered into a plea agreement. The agreement provides at paragraph that in exchange for Rankins substantial assistance, the government would "make a motion under § 5K1.1, and/or if the U.S. Attorney deem it to be appropriate, make a motion under 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which would otherwise be required under tha Sentencing Guidelines and the relevant statutes." Contrary to this

1

agreement, the government has informed Rankins that it would make a motion under § 3553(e) but not under § 5K1.1.

3. The government's motion under § 3553(e) is based upon Rankin's undisputed rendition of substantial assistance to the government. As the U.S. Attorney must acknowledge, Rankins began his cooperation prior to the date of his arrest on the charges at issue. As a result of his efforts, Rankins has provided truthful, credible and reliable information which has resulted in the arrest of five individuals on drug and firearms charges. One of these individuals is facing federal prosecution with a minimum mandatory term of fifteen years. In addition, Rankins has assisted in the apprehension of an individual in Maryland on Massachusetts charges. Rankins efforts in this matter have been ongoing for the past twenty months. He has been exposed to great personal risk.

4. 18 U.S.C.§ 3553(e) provides that:

> Upon motion from the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to > section 994 of title 28, United States Code.

5. Sentencing Guideline § 5K1.1 requires the district court to consider a range of factors in evaluating a substantial assistance motion. The guideline states that:

> (a) [t]he appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

2

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance. (emphasis added).

6. Because the government entered into a plea agreement with Rankins, it had to carry out in good faith the obligations it assumed under the agreement. See *United States v. Alegria*, 192 F.3d 179, 186-87 (1st Cir.1999); see also *United States v. Davis*, 247 F.3d 322, 325 (1st Cir.2001). This good-faith requirement applies even though the plea agreement specifies that the "government retains absolute discretion with respect to the filing of a section 5K1.1 motion." *Alegria*, 192 F.3d at 186-87. See also, *Wade v. United States*, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)

7. In *Wade*, the Supreme Court held that the government's refusal to file a § 5K1.1 motion on behalf of a defendant who did not have a plea agreement was remediable only if the government had acted based on an unconstitutional motive or if the refusal was "not rationally related to any legitimate Government end." 504 U.S. at 185-86, 112 S.Ct. 1840. In *Alegria*, 192 F.3d at 187, the First Circuit held that the good faith standard articulated in *United States v. Garcia*, 698 F.2d 31, 35 (1st Cir.1983), remained good law after *Wade*. The First Circuit ruled in *Garcia* that the government's decision

3

against seeking a lenient sentence under a plea agreement giving the government discretion would not be disturbed so long as there was a "good faith consideration" of the defendant's cooperation. To satisfy this obligation, the government merely needed "to set forth in the record sufficient reasons for its belief that [appellant] has not cooperated fully and that ... a recommendation [of leniency] ... is not proper." Id.; see also *Alegria*, 192 F.3d at 187.

8. "The *Garcia* good-faith standard ensures that a defendant with a plea agreement is not arbitrarily deprived of the benefit of his bargain, see 55 F.3d at 12 (prosecutors engaged in plea bargaining are held to " 'the most meticulous standards of both promise and performance' ") (quoting *Correale v. United States*, 479 F.2d 944, 947 (1st Cir.1973)), while it also fully protects the government's legitimate exercise of its discretion to deny a § 5K1.1 departure. . . . Although the language quoted above from might suggest otherwise, "full, complete and truthful cooperation" does not necessarily constitute "substantial assistance" under § 5K1.1., 192 F.3d at 183-84. Other relevant factors include the significance and utility of the information provided, the nature and extent of the defendant's assistance, and the timeliness of the proffer. Id. at 184." *U.S. v. Doe*, 233 F.3d 642, n. 2 (1st Cir. 2000).

9. The government's failure to file a § 5K1.1 motion in this instance, when it has filed a § 3553(e) motion based upon the defendant's rendition of substantial assistance, is a violation of the plea agreement. In addition, the government's failure in this regard is both illogical and inexplicable. Surely, the government's refusal to file a § 5K1.1 motion in these circumstances is "not rationally related to any legitimate

Government end." As such, the court should enforce the plea agreement and sentence the defendant as though a § 5K1 motion were filed by the government.

Dated: September 9, 2004                THE DEFENDANT,

By: _____
Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103
Tel. (413) 736-6971
B.B.O. No.: 013860

## CERTIFICATE OF SERVICE

I, Mark J. Albano, Esq., hereby certify that a copy of the foregoing document was served upon the following person(s) by in hand delivery, on this the 9th day of September, 2004:

Tolland K. Gladden
FEDERAL PRETRIAL SERVICES
1550 Main Street, Room 534
Springfield, MA 01103

Todd E. Newhouse, Assistant U.S. Attorney
U.S. Department of Justice
1550 Main Street, Room 310
Springfield, MA 01103

_____
Mark J. Albano, Esq.

5